# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
ESCALLIER, SALUSSOLIA, and SCHASBERGER
Appellate Military Judges

**UNITED STATES, Appellee**
v.
**Specialist CHARLES E. ROBINSON III**
**United States Army, Appellant**

ARMY 20170536

Headquarters, Fort Campbell
Daniel G. Brookhart, Military Judge
Colonel Andras M. Marton, Staff Judge Advocate

For Appellant: Major Kyle C. Sprague, JA; Captain James J. Berreth, JA (on brief).

For Appellee: No response filed.

9 December 2019

-------------------------------------------------------------
SUMMARY DISPOSITION ON REMAND
-------------------------------------------------------------

*This opinion is issued as an unpublished opinion and, as such, does not serve as precedent.*

Per Curiam:

On remand from our superior court, appellant's case is before us for review of his approved sentence. After reviewing appellant's case, including the pretrial agreement between appellant and the convening authority, we find the convening authority erred in attempting to suspend appellant's sentence to confinement in excess of twenty-five years. Accordingly, we provide relief in our decretal paragraph.

A military judge sitting as a general court-martial convicted appellant, consistent with his pleas, of one specification of conspiracy to commit murder, one specification of murder, and one specification of obstructing justice, in violation of Articles 81, 118, and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 881, 918, and 934 [UCMJ]. The military judge sentenced appellant to a dishonorable discharge, confinement for life without the possibility of parole, total forfeitures, and reduction to E-1.

Before trial, appellant and the convening authority entered into a pretrial agreement wherein appellant agreed to plead guilty and cooperate in the proceedings against his co-conspirator, and the convening authority agreed to disapprove appellant's confinement in excess of twenty-five years. However, instead of approving a twenty-five year sentence to confinement in accordance with the pretrial agreement, the convening authority approved the sentence as adjudged and suspended the execution of the sentence to confinement that exceeded twenty-five years. The convening authority also credited appellant with 558 days against the sentence to confinement.

In our previous review of this case pursuant to Article 66, UCMJ, this court affirmed the guilty findings, as well as the sentence as approved by the convening authority.[1] Our superior court granted review of appellant's case, affirmed the guilty findings, and set aside appellant's sentence. Our superior court then remanded appellant's case to this court for further review of the sentence approved by the convening authority. On remand, appellant argues that the convening authority erred by not abiding by the terms of the pretrial agreement, specifically by not disapproving all confinement in excess of twenty-five years. We agree.

## BACKGROUND

Appellant and Sergeant (SGT) Jamal Williams-McCray entered into agreement wherein appellant would help SGT Williams-McCray kill Private First Class (PFC) Shadow McClaine in exchange for $10,000. Pursuant to this agreement, appellant and SGT Williams-McCray killed PFC McClaine in the early morning hours of 3 September 2016. As a result, the government charged appellant with murder, conspiracy to commit murder, and obstruction of justice.

In July 2017, appellant entered into a pretrial agreement with the convening authority. In the pretrial agreement, appellant agreed to plead guilty to the three charges. Appellant also agreed to cooperate with prosecutors and law enforcement officials as part of the investigation into SGT Williams-McCray, and testify truthfully in SGT Williams-McCray's court martial, if necessary. In exchange, the convening authority agreed to "disapprove all confinement in excess of twenty-five (25) years." Appellant entered pleas as agreed, and was convicted pursuant to his pleas. When appellant was convicted, he had satisfied all terms of his pretrial agreement except testifying at SGT Williams-McCray's court martial, which had not yet occurred.

On 28 September 2017, the military judge sentenced appellant to confinement for life without the possibility of parole. During his colloquy with appellant after announcing the sentence, the military judge ensured appellant understood that the

---

[1] *United States v. Robinson*, ARMY 20170536 (Army Ct. Crim App. 31 Jul. 2019).

convening authority was required to disapprove all confinement in excess of twenty-five years.

As part of the post-trial processing of appellant's case, the staff judge advocate's post-trial recommendation (SJAR) advised the convening authority to approve "only so much of the sentence as provides for . . . confinement for 25 years . . . ." In his post-trial submissions pursuant to Rules for Courts-Martial (R.C.M.) 1105 and 1106, appellant expressed that he had "no additions or corrections to the [SJAR]."

In the addendum to the SJAR, the staff judge advocate amended his recommendation to the convening authority, advising him to approve a sentence of "confinement for life without the possibility of parole . . . but the execution of that part of the sentence extending to confinement in excess of 25 years is suspended for a period of two years or until [appellant] complies with the terms of his pretrial agreement, at which time, unless sooner vacated, the suspended part of the sentence will be remitted without further Action." Nothing in the record indicates that appellant had not complied with any term of the pretrial agreement except testifying at SGT Williams-McCray's court martial, which still had not yet occurred.

After receiving and reviewing the addendum to the SJAR, appellant provided additional post-trial submissions to the convening authority, urging him to follow the terms of the pretrial agreement, and noting that nothing in the pretrial agreement contemplated suspending part of appellant's sentence. Appellant also demanded speedy post-trial processing.

The staff judge advocate then drafted a new addendum to the SJAR, wherein he opined that, despite the pretrial agreement and the applicable versions of Article 60, UCMJ, and R.C.M. 1107, the convening authority could suspend appellant's sentence as recommended in the initial addendum to the SJAR. On 27 November 2018, the convening authority took action on appellant's case, approving[2] a sentence of confinement for life without the possibility of parole, but suspending the execution of confinement in excess of twenty-five years "for a period of two years or until [appellant] complies with the terms of his pretrial agreement . . . ."

In total, 425 days elapsed between appellant's sentence and the convening authority's action. Nearly seven months of the elapsed time was attributed to

---

[2] After initially receiving appellant's case from the convening authority, this court directed the convening authority to take new action because the 27 November 2018 action omitted the word "approve" as to appellant's sentence. The convening authority took subsequent action on 18 December 2018 approving the sentence contemplated in the initial action and the addendum to the SJAR.

holding appellant's case while SGT Williams-McCray's investigation and court-martial were pending.

## LAW AND DISCUSSION

The interpretation of a pretrial agreement is a question of law, which we review de novo. *United States v. Smead*, 68 M.J. 44, 59 (C.A.A.F. 2009) (citing *United States v. Lundy*, 63 M.J. 299, 301 (C.A.A.F. 2006)).

When analyzing the terms of a pretrial agreement, appellate courts begin by examining "the language of the agreement itself." *United States v. Acevedo*, 50 M.J. 169, 172 (C.A.A.F. 1999). When the terms of the agreement are unambiguous, "the intent of the parties is discerned from the four corners" of the agreement, and the "plain language" of the terms will be given effect. *Id*.

Subject to two exceptions, the applicable versions of Article 60, UCMJ, and R.C.M. 1107 prohibit a convening authority from "suspend[ing] in whole or in part an adjudged sentence of confinement for more than six months . . . ." UCMJ, art. 60 (2012 & Supp. III 2016); R.C.M. 1107(d)(1)(B)-(C). The two instances where a convening authority is authorized to suspend an adjudged sentence to confinement of more than six months are "[u]pon the recommendation of the trial counsel, in recognition of the substantial assistance by the accused in the investigation or prosecution of another person who has committed an offense," and "pursuant to the terms of the pretrial agreement." UCMJ, art. 60 (2012 & Supp. III 2016); R.C.M. 1107(d)(1)(B)-(C).

A convening authority is bound by the terms of a pretrial agreement, and may only withdraw from the pretrial agreement "before the accused begins performance of the promises contained in the agreement, upon the failure by the accused to fulfill any material promise or condition in the agreement, when inquiry by the military judge discloses a disagreement as to a material term in the agreement, or if findings are set aside because a plea of guilty entered pursuant to the agreement is held improvident on appellate review." R.C.M. 705(d)(4)(B); *see also United States v. Dean*, 67 M.J. 224, 227 (C.A.A.F. 2009).

Here, the terms of the pretrial agreement are explicit; the convening authority agreed to *disapprove* all confinement in excess of twenty-five years. There is nothing in the pretrial agreement permitting the convening authority to suspend any portion of appellant's sentence. Because the terms of the pretrial agreement are unambiguous, the convening authority is bound by those terms as none of the criteria listed in R.C.M. 705(d)(4)(B) are met.

Based on the allied papers, we understand the convening authority was attempting to ensure appellant's cooperation in the SGT Williams-McCray court-

martial, as contemplated by the pretrial agreement. However, the avenue chosen by the convening authority to ensure cooperation is expressly prohibited by Article 60, UCMJ, R.C.M. 1107(d)(1)(B)-(C), and the pretrial agreement.

This court can think of at least two ways the convening authority could have lawfully ensured appellant's cooperation in the SGT Williams-McCray court-martial, but both would need to be bargained for as part of the pretrial agreement.

First, the convening authority and appellant could have bargained for a sentence limitation that provided for a suspension of the sentence to confinement. The suspension could have applied to any sentence to confinement in excess of twenty-five years, where the suspension would then be remitted upon satisfaction of the cooperation term of the pretrial agreement.

Second, the convening authority and appellant could have bargained for a waiver of speedy post-trial processing. An appellant has a right to speedy post-trial processing. *United States v. Moreno*, 63 M.J. 129, 135 (C.A.A.F. 2006) (citations omitted). However, an appellant may forego certain "constitutional rights . . . in exchange for a reduction in sentence or other benefit." *Smead*, 68 M.J. at 59. As such, the appellant in this case could have forfeited, through the pretrial agreement, his right to speedy post-trial processing, thereby permitting the convening authority to withhold action on appellant's sentence until after appellant's cooperation and testimony in the Williams-McCray proceedings.

Either option, if properly bargained for as part of the pretrial agreement, would have allowed the convening authority to ensure appellant participated in SGT Williams-McCray's court-martial if it became necessary. However, no such bargain existed in this case.

## CONCLUSION

While the convening authority and appellant could have agreed to terms in the pretrial agreement that would have permitted the convening authority to take the action he did in this case, the terms of the pretrial agreement required the convening authority to disapprove all confinement in excess of twenty-five years. The convening authority, therefore, violated the pretrial agreement when he suspended, rather than disapproved, confinement in excess of twenty-five years.

Upon consideration of the entire record, we AFFIRM only so much of appellant's sentence as provides for a dishonorable discharge, confinement for twenty-five years, total forfeitures, and reduction to E-1.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court